IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ROBERT BERRY FRANCIS                                                                    PLAINTIFF


VS.                                        4:05CV01090 RSW/JTR


STEPHEN MARKS, SR.; STEPHEN MARKS, JR.;
ALEXANDER MARKS; TOWER INVESTMENTS, INC.;
TOWER INVESTMENTS, LLC; LAFAYETTE PLAZA, LLC;
LAFAYETTE SQUARE, LLC                                                                   DEFENDANTS


**ORDER**

On or about March 20, 2006, Plaintiff served Defendants with a set of Requests for Admissions which contained 248 separate requests. (Docket entry #39, Ex. D.) On April 13, 2006, Defendants filed a Motion for Protective Order which: (1) seeks to relieve Defendants from "the burden of responding to Plaintiff's unreasonable Requests [for Admissions];" and (2) requests the Court to "limit Plaintiff to a reasonable number of Requests for Admissions . ..."[1] (Docket entry #27.) For the reasons set forth herein, the Motion will be granted.

In Plaintiff's Complaint, which is seventy-one pages in length, he alleges claims for breach of contract, promissory estoppel, fraud, and unjust enrichment arising from the development, sale,

---

[1] On April 11, 2006, the Court initially denied this Motion as moot, along with Defendants' three pending Motions to Quash (docket entries #21, #23, and #25) because Plaintiff, in his Response, stated that the parties had reached an agreement mooting the "four motions and the Motion for Protective Order." (Docket entry #35.) The parties subsequently informed the Court that they did not have an agreement concerning the Requests for Admissions. Thus, the Court will set aside its April 11, 2006 Order (docket entry #36) insofar as it denied, as moot, Defendants' Motion for Protective Order. (Docket entry #27.)

and management of certain real estate in Little Rock.[2] (Docket entry #1.) While Plaintiff does not specify a dollar amount for his damages, it appears clear that the potential damages in this case could be quite substantial. It also appears clear that Plaintiff's claims arise from a complex series of business transactions.

In their Motion for Protective Order, Defendants argue Plaintiff's Requests for Admissions contain an unreasonably large number of requests and are intended to subvert the number limitation contained in Fed. R. Civ. P. 33(a), which limits a party to only 25 interrogatories, including subparts. (Docket entry #27.) In support of this argument, Defendants point out that, before serving these Requests for Admissions, Plaintiff had served a set of interrogatories that far exceeded the 25 interrogatory limit contained in Fed. R. Civ. P. 33(a). According to Defendants, when their attorney "brought the numbers limitations [on interrogatories] to Plaintiff's attention," his counsel submitted a revised set of interrogatories that was limited to 25 questions but then served the burdensome and oppressive Requests for Admissions. Because Fed. R. Civ. P. 36 does not contain a limit on the number of requests contained in a set of Request for Admissions, Defendants argue that Plaintiff is attempting to use Fed. R. Civ. P. 36 to subvert the purpose and intent of Fed. R. Civ. P. 33(a). [3]

Plaintiff's counsel contends that: (1) the Request for Admissions, when viewed in the context of Plaintiff's "extensive complaint," provides a more efficient means of conducting discovery and narrowing factual disputes; (2) Plaintiff would be required to carry a greater burden in having to

---

[2] In an Amended and Substituted Complaint, filed on April 10, 2006, Plaintiff has plead a fifth claim for constructive fraud. (Docket entry #34.)

[3] The committee notes make it clear that Fed. R. Civ. P. 33(a) was amended to limit a party to only 25 interrogatories in order to prevent what had become a common practice of parties serving burdensome and oppressive sets of interrogatories.

conduct this discovery through some other means, when compared to the resources available to Defendants; and (3) one defendant, Steve Marks, Jr., has cancer, and there is some question whether Defendants will make him available for deposition.[4]  (Docket entry #39.)  Finally, in an April 17, 2006 letter, Plaintiff's counsel advises the Court that: (1) Plaintiff is scheduled for deposition on Monday, April 24, 2006, and certain Defendants' depositions are scheduled to be taken on April 25 and 26; and (2) Defendants' responses to the Requests for Admission are needed *before* the parties' depositions.  In Defendants' Reply,[5] they request that, in the event the Court denies their Motion for Protective Order, they have until and including May 3, 2006, to respond to Plaintiff's Requests for Admissions.  (Docket entry #40, Ex. A.)

As mentioned previously, Fed. R. Civ. P. 36 does not limit the number of requests that are contained in a set of Request for Admissions.  However, Fed. R. Civ. P. Rule 26(b)(2) makes it clear that a trial court, in its discretion, may limit the number of such requests:

> By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweigh its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake

---

[4] Plaintiff's counsel also suggests that Defendants' Motion for Protective Order should be denied because Defendants' counsel did not confer in good faith prior to seeking relief from the Court pursuant to Local Rule 7.2(g).  The parties disagree on whether they, in fact, conferred prior to Defendants filing their Motion for Protective Order.  In any event, the point is moot because, once the Motion for Protective Order was filed, Defendants' counsel emailed Plaintiff's counsel requesting that the Requests for Admission be withdrawn, and Plaintiff's counsel wrote a letter denying the request.  (Docket entry #39, Exs. A, B, and C.)

[5] The Court will grant Defendants' Motion for Leave to File a Reply.  (Docket entry #40.)

in the litigation, and the importance of the proposed discovery in resolving the issues."

In analyzing the role and purpose of Request for Admissions, courts have uniformly recognized that this form of written discovery is intended to be used as a scalpel – not a meat axe. "The purpose of Rule 36(a). . . which authorizes the service of requests for admission, is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial." *Workman v. Chinchinian*, 807 F. Supp. 634, 647 (E.D. Wash.1992) (citing *Asea Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981)). Stated another way, "[t]heir goal 'is to eliminate from the trial matters as to which there is no genuine dispute.'" *Safeco v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (quoting *California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal.1955)).

Plaintiff's Request for Admissions essentially track the allegations contained in the 121 numbered paragraphs of his Complaint. However, given the manner in which Plaintiff has elected to plead his claims, this means that most of the individual requests seek to have Defendants validate Plaintiff's *legal conclusions* drawn from his alleged version of the facts.[6]

With respect to almost all of Plaintiff's Requests for Admissions, the Court finds that: (1) depositions are a far more convenient, efficient, and less burdensome way of developing the facts; and (2) the burden and expense of the proposed discovery far outweighs its likely benefit, taking into account the nature of the Request for Admissions, the needs of the case, the amount in controversy,

---

[6] Of course in Defendants' Answer, they have already *denied* the vast majority of the legal conclusions and factual allegations contained in Plaintiff's Complaint. Thus, it would seem to beg the question for Plaintiff's counsel to engage in the amazingly unproductive and time consuming process of propounding 80 pages of Requests for Admissions aimed at getting Defendants to deny allegations they have already denied in their Answer.

the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Finally, the timing and voluminous nature of Plaintiff's Request for Admissions creates at least the appearance that this discovery was drafted with an eye on circumventing the limitation on the number of interrogatories contained in Fed. R. Civ. P. 33(a).

Based on the allegations in the pleadings, this case unquestionably involves a series of complex and sophisticated real estate transactions. For that reason, a set of *carefully crafted* requests for admissions might be very useful to Plaintiff in streamlining and simplifying this case. For example, requests for admission might be efficiently used to develop whether: an email or document is authentic; a meeting took place on a particular date; or a responding party received a document.

Thus, Plaintiff should be allowed to propound a limited but still reasonable number of requests for admissions. Given the relatively complex nature of this case, the Court concludes that Plaintiff should be allowed to propound a set of Request for Admissions that contains no more than 50 individual requests, including subparts. Plaintiff's counsel may elect some or all of these 50 requests for admissions from the set served on Defendant on March 20, 2006. If so, Plaintiff's counsel must advise Defendants' counsel, on or before 3:00 p.m. on Wednesday, April 19, 2006, of the specific numbers of the requests, not to exceed 50, to which Defendants must respond. Defendants shall serve their Responses to those requests on or before 9:00 a.m. on Monday, April 24, 2006. This will allow Plaintiff's counsel an opportunity to review the Responses before beginning the depositions that are scheduled to begin next week.

To the extent that Plaintiff's counsel elects *not* to take all 50 of his allowed requests for admissions from the set served on Defendants' counsel on March 20, 2006, he may serve a second

set of Requests for Admissions on Defendants. However, absent a showing of good cause and reasonable necessity, Plaintiff will be limited to no more than a total of 50 individual requests for admissions.

IT IS THEREFORE ORDERED THAT:

1. The Court's April 11, 2006 Order (docket entry #36) denying Defendants' Motion for Protective Order (docket entry #27) is hereby SET ASIDE.

2. Defendants' Motion for Leave to File Reply (docket entry #40) is GRANTED.

3. Defendants' Motion for Protective Order (docket entry #27) is GRANTED to the extent that Plaintiff shall be limited to no more than 50 individual requests for admissions, which shall be identified or propounded and responded to as specified in this Order.

Dated this 18th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE